## APPEAL OF KIMBALL & SHERMAN CO.

Docket No. 3997.    Submitted December 7, 1925.    Decided March 31, 1926.

Deductions claimed by the taxpayer on account of salaries disallowed.

*David A. Buckley* and *Percy E. Gleason, Esqs.,* for the taxpayer.
*George G. Witter, Esq.,* for the Commissioner.

Before TRAMMELL and LOVE.

This is an appeal from the determination of a deficiency in income and profits taxes for the calendar year 1917 in the amount of $4,965.59. The return was made for the calendar year which included that part of the two fiscal periods referred to in the findings of fact which were in the calendar year 1917. The deficiency results from the disallowance by the Commissioner of certain deductions claimed by the taxpayer on account of salaries.

### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation and successor to the Wentworth-Swett Co., with its principal office at Haverhill. The officers and directors of the corporation, during the taxable year 1917, were Roger Sherman, Jr., Everett M. Swett, Helen A. W. Sherman and Morris E. Swett.

In September, 1918, Everett M. Swett sold his entire interest in the corporation to Joseph C. Kimball and severed his connection with it.

In its income and profits-tax return for the calendar year 1917 the taxpayer deducted, as salaries to its officers, the proportionate part of the amounts claimed to have been accrued on account of salaries for the two fiscal periods which made up the calendar year. For the period July 11, 1916, to July 10, 1917, the taxpayer claimed to have incurred a liability for salary in the amount of $14,359.48, and claimed that the amount of $15,239.25 was properly accruable for the period July 11, 1917, to July 6, 1918. The amount of $14,-359.48, for the period July 11, 1916, to July 10, 1917, was never at any time authorized by the board of directors to be paid to its officers and was not entered on the books until June 30, 1919, after the taxpayer had employed accountants to prepare its return. This was about nine months after Swett had left the company and his stock had been sold to another person. No liability for the salary for that period or for any accrued salary was considered in determining the book value of the stock when it was sold.

No entry was made on the books of the taxpayer of the amount of $15,239.25, deducted as salary for the period July 11, 1917, to August 6, 1918, until June 30, 1919. Neither of the amounts above stated were paid nor was any entry made on the books with respect thereto, within the taxable year for which the taxpayer deducted them, and, as far as Swett is concerned, no part thereof was ever at any time paid.

The taxpayer's minute book shows the following resolution of the board of directors:

HAVERHILL, MASS., *June 28, 1918.*

Special Meeting of Directors:

Upon motion duly made and seconded it was voted that the salary of the president, Roger Sherman, Jr., for the fiscal year ending July 1, 1918, be fixed at the sum of Twelve Thousand Five Hundred Dollars, and that the salary of the Treasurer, Everett M. Swett for the fiscal year ending July 1, 1918, be fixed at the sum of Twelve Thousand and Five Hundred Dollars, and that the difference between what each of said officers have heretofore drawn this year and the salaries above fixed be paid to them forthwith.

Upon motion duly made and seconded it was voted to adjourn.

Attest:

MORRIS E. SWETT, *Clerk.*

To give effect to the resolution above set out, the following journal entry was made:

June 30, 1919.
        Debits: profit and loss_____ $15,239.45
        Credits:
            Roger Sherman, Jr., note a/c_____ $7,619.72
            E. M. Swett, note a/c_____ 7,619.73

To charge P. & L. for the period ended August 5, 1918, with the amounts of unpaid salaries for the period.

The taxpayer's books also contain the following entry:

June 30, 1919.
        Debits: Profit and Loss Old Acct _____ $14,843.85
        Credits:
            Roger Sherman, Jr., note a/c_____ $7,179.74
            E. M. Swett, note a/c_____ 7,179.73
            W. M. Davis_____ 434.38

To charge profit and loss account of 1917 with balance of salaries due for past fiscal year's services which were by error entered as a dividend.

The following journal entry appears with respect to the Swett account:

June 30, 1919.
        Debits—E. M. Swett, note a/c_____ $7,619.73
        Credits—J. C. Kimball—Per _____ $7,619.73

To close E. M. Swett's note account into J. C. Kimball's personal account.

The increase in salary which was provided for in the above resolution was to be distributed on the books in the same proportion in which the two officers owned stock. The taxpayer in its original return reported no net income in 1917.

OPINION.

TRAMMELL: It is essential for the taxpayer to show that the amount it seeks to deduct as salary was paid out or that a liability was incurred therefor as compensation for services rendered. Proof on this point is wholly lacking, and we can not find as a fact that the amount sought to be deducted was for services in the absence

of evidence as to what the services consisted of and other essential facts.

Even if the amount constituted compensation for services rendered, the evidence discloses no authorization of any kind within or after the taxable year for the payment of the amount of $14,359.48 for the fiscal period ending July 10, 1917. No record was made upon the books of the corporation until June 30, 1919, two years after the period for which it is claimed.

The taxpayer contends that the amount of $15,239.45 for the fiscal year ended August 6, 1918, was authorized at a meeting of the board of directors held on June 28, 1918. In support of this contention the taxpayer introduced its minute book containing a resolution dated June 28, 1918, authorizing the payment of this salary. No book entries were made, however, with respect thereto until June 30, 1919.

E. M. Swett was one of the officers of the company in June, 1918, and is one of those who was to receive one-half of the salary in question. In September, 1918, he sold his entire interest in the corporation to Kimball and at that time had not received any portion of the above-mentioned salary, nor had any entry been made on the books with respect thereto. No consideration was given the resolution referred to in the findings of fact in determining the book value of Swett's stock.

From all the evidence we are of the opinion that the taxpayer has not shown that the action of the Commissioner in disallowing the deduction was erroneous.

*The deficiency for the calendar year 1917 is $4,965.59. Order of redetermination will be entered accordingly.*