*1094 OPINION.
Trammell:
It is essential for the taxpayer to show that the amount it seeks to deduct as salary was paid out or that a liability, was incurred therefor as compensation for services rendered. Proof on this point is wholly lacking, and we can not find as a fact that the amount sought to be deducted was for services in the absence *1095 of evidence as to what the services consisted of and other essential facts.
Even if the amount constituted compensation for services rendered, the evidence discloses no authorization of any kind within or after the taxable year for the payment of the amount of $14,359.48 for the fiscal period ending July 10, 1917. Ho record was made upon the hooks of the corporation until June 30, 1919, two years after the period for which it is claimed.
The taxpayer contends that the amount of $15,239.45 for the fiscal year ended August 6, 1918, was authorized at a meeting of the board .of directors held on June 28, 1918. In support of this contention the taxpayer introduced its minute book containing a resolution dated June 28, 1918, authorizing the payment of this salary. Ho book entries were made, however, with respect thereto until June 30, 1919.
E. M. Swett was one of the officers of the company in June, 1918, and is one of those who was to receive one-half of the salary in question. In September, 1918, he sold his entire interest in the corporation to Kimball and at that time had not received any portion of the above-mentioned salary, nor had any entry been made on the books with respect thereto. Ho consideration was given the resolution referred to in the findings of fact in determining the book value of Swett’s stock.
From all the evidence we are of the opinion that the taxpayer has not shown that the action of the Commissioner in disallowing the deduction was erroneous.

The deficiency for the calendar year 1917 is $1,965.59. Order of redetermination will 5e entered accordingly.